

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                  Criminal No. 2:20-cr-00028
                                                    18 U.S.C. § 1341

**STANLEY CLARK**

<u>A M E N D E D</u>
<u>I N F O R M A T I O N</u>
(Mail Fraud)

The United States Attorney charges:

1. Between January 1, 2013 and October 1, 2015, defendant STANLEY CLARK knowingly devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations from, Toyota Motor Sales, USA, Inc. ("Toyota"), a major auto manufacturer. As part of that scheme, defendant CLARK knowingly caused to be deposited a matter or thing to be sent or delivered by a private or commercial interstate carrier.

<u>Introduction</u>

2. Defendant CLARK and others known to the United States Attorney took advantage of a Toyota Customer Support Program in which Toyota agreed to repurchase certain Tacoma model trucks that suffered excessive rust damage at 150% of their value, so long as those trucks were owned by individuals, rather than dealerships.

3.  Defendant CLARK participated in a fraudulent scheme to buy hundreds of Tacomas at wholesale auction prices, obtain false titles for the trucks in the names of unwitting individuals, and then fraudulently induce Toyota to repurchase the trucks at 150% of their value.

## Background

### The Toyota Customer Support Program

4.  In 2008, Toyota determined that certain Tacoma trucks suffered from excessive frame rust. In response, Toyota began a Customer Support Program to repurchase or repair those Tacomas. This program lasted from March 2008 until December 31, 2015.

5.  Under the Customer Support Program, Toyota dealerships would inspect Tacoma frames for excessive rust and, if a truck failed, Toyota would repurchase it.

6.  If an individual customer owned the Tacoma, Toyota repurchased it at 150% of the Kelley Blue Book Suggested Retail Value of an "excellent" condition truck, regardless of its actual condition. In contrast, if a dealership owned the Tacoma, Toyota would only reimburse the dealer's actual cost of purchasing the truck.

7.  Toyota provided dealers detailed instructions about the Program, which included a requirement that Tacoma repurchases from individual customers must occur at a Toyota dealership with the customer present.

8. Toyota hired Impartial Services Group ("ISG") to administer the Customer Support Program. ISG created a website to track inspections and repurchases, and sent ISG agents to work with individual customers and dealers to facilitate repurchase transactions.

The Defendant and Other Participants in the Fraudulent Scheme

9. Defendant STANLEY CLARK was an Impartial Services Group ("ISG") transfer agent who administered repurchase transactions at Love Lexus Toyota, a Toyota dealership in St. Albans, West Virginia. His responsibilities included communicating with individual owners and the dealership, and attending repurchase transactions at the dealership with customers.

10. Big Blue Motor Sales was a Kentucky corporation operating in Louisa, Kentucky. Big Blue Motor Sales was a car and truck dealership that purchased automobiles at wholesale and sold them to retail consumers.

11. James Pinson was the owner and sole member of Big Blue Motor Sales.

12. Gary Conn was the Sales Manager at Big Blue Motor Sales.

13. Tammy Newsome was an employee of Big Blue Motor Sales who was responsible for performing administrative tasks at James Pinson's direction.

14. Frank Russo was the service manager at Love Lexus Toyota, a Toyota dealership located in St. Albans, West Virginia,

3

in the Southern District of West Virginia. Among other things, his job responsibilities included inspecting Tacomas for the Toyota Customer Support Program.

15. Kevin Fluharty was a notary public. As part of his notary public duties, he was responsible for notarizing the signatures of individual customers who sold their Tacomas to Toyota under the Program.

**Manner and Means for Carrying Out the Scheme**

16. Defendant STANLEY CLARK — along with James Pinson, Gary Conn, Tammy Newsome, Big Blue Motor Sales, Frank Russo, and Kevin Fluharty — devised and engaged in the scheme to defraud Toyota. The general steps in the scheme included:

    a) Big Blue Motor Sales bought hundreds of Tacomas at wholesale.

    b) James Pinson, Frank Russo, Gary Conn, or others working on their behalf obtained copies of unwitting individuals' driver's licenses.

    c) Tammy Newsome, acting on behalf of James Pinson, fraudulently titled Big Blue Motor Sales' Tacomas using the unwitting individuals' driver's licenses to make it appear as if these individuals owned the Tacomas, rather than Big Blue Motor Sales. These individuals were "false owners" because they did not actually purchase or possess the Tacomas.

4

d) James Pinson, or others working on his behalf, transported the Tacomas from Big Blue Motor Sales to Love Lexus Toyota.

e) At Love Lexus Toyota, Frank Russo sent false information about the trucks and the false owners to ISG via interstate wire, inducing ISG to send Customer Offer Letters to Love Lexus Toyota via interstate wire. Frank Russo falsely completed these Offer Letters, and then returned them to ISG via interstate wire.

f) Frank Russo induced ISG to mail repurchase checks payable to the false owners, and final repurchase documentation for signature by the false owners, from Irving, Texas to defendant CLARK in Poca, West Virginia via United Parcel Service, a private, commercial interstate carrier.

g) James Pinson or Tammy Newsome, Frank Russo, and defendant CLARK met at Love Lexus Toyota. At this meeting, defendant CLARK provided James Pinson or Tammy Newsome with the repurchase checks. In turn, James Pinson or Tammy Newsome paid Frank Russo and defendant CLARK cash for their role in facilitating the scheme.

    h) Defendant CLARK provided the repurchase documentation to Kevin Fluharty, who forged the false owners' signatures on the final repurchase documentation in order to induce Toyota to repurchase the Tacoma at 150% of Kelley Blue Book Value.

    i) Defendant CLARK mailed the forged final repurchase documentation from St. Albans, West Virginia to Irving, Texas, via United Parcel Service, a private, commercial interstate carrier.

    j) Tammy Newsome forged the false owners' signatures on the repurchase checks and deposited the checks into Big Blue Motor Sales' bank account.

17. The scheme participants relied on defendant CLARK to coordinate fraudulent Tacoma repurchase meetings, work with Kevin Fluharty to forge the false owners' signature on Tacoma repurchase documentation, and mail the fraudulent repurchase documentation that induced Toyota to repurchase Tacomas. Defendant CLARK could reasonably foresee, and in fact knew, that the scheme used interstate wires and mailings to communicate false and fraudulent documents and statements in furtherance of the fraud.

18. Through their scheme to defraud, defendant CLARK and the other scheme participants fraudulently induced Toyota to repurchase at least 349 Tacomas, which resulted in Toyota paying

6

approximately $4,327,789 and causing losses to Toyota of up to that same amount. These 349 Tacomas included trucks with the following VINs: 4TAWN72N7YZ676350, 4TAWN72N6YZ630718, and 4TAWM72N6YZ663091.

### The Criminal Charge - Mail Fraud

19. On or about April 8, 2015, at or near St. Albans, Kanawha County, West Virginia in the Southern District of West Virginia, and elsewhere, defendant STANLEY CLARK, aided and abetted by persons known and unknown to the United States Attorney, having devised and intending to devise the above-described scheme to defraud Toyota, and for the purpose of executing the scheme to defraud and attempting so to do, knowingly caused to be deposited a matter or thing to be sent and delivered by a commercial interstate carrier, that is, repurchase documentation associated with Tacoma VIN 4TAWN72N6YZ630718, to be sent and delivered by the United Parcel Service.

In violation of Title 18, United States Code, Section 1341.

MICHAEL B. STUART
United States Attorney

By: _____
ANDREW J. TESSMAN
Assistant United States Attorney